

Attorneys at Law

hunterkmiec.com

James A Hunter
42 Stagecoach Road
Pipersville, Pennsylvania  18947
t 484 437 5935
f 646 462 3356
hunter@hunterkmiec.com
admitted in ny and pa only

Keenan D Kmiec
1091 Whitacre Court
Las Vegas, Nevada  89123
t 917 859 7970
f 646 462 3356
kmiec@hunterkmiec.com
admitted in ca and dc only

December 21, 2020

The Honorable John G. Koeltl
The U.S. District Court for the Southern District of New York
500 Pearl Street, Room 14A
New York, New York  10007

*BY ECF*

      Re:    *Chechele v. Ho et al.*, No. 20-cv-10036 (JGK) (KNF)
              (S.D.N.Y. filed Dec. 1, 2020)
              Application for Preliminary Settlement Approval

Dear Judge Koeltl:

      My firm represents Plaintiff Donna Ann Gabriele Chechele ("Plaintiff") in the case referred to above.  The parties to the case have agreed to settle it on the terms set forth in the enclosed Stipulation of Settlement dated December 21, 2020 (the "Stipulation").  The Stipulation includes a proposed order and final judgment (the "Proposed Judgment") dismissing the case with prejudice.  We ask that the Court preliminarily approve the settlement and, after directing notice to other claimants as described below, enter the Proposed Judgment as a final judgment of the Court.

    A.    **Background**

      Plaintiff filed her complaint on December 1, 2020, alleging a single count of disgorgement under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).  Dkt. 1.  Section 16(b) is the Act's "short-swing" profit forfeiture provision.  It requires a public company's "insiders" to disgorge the profit they realize from any purchase and sale of the company's equity securities within a period of less than six months.  The complaint alleged that Defendant Sai Yuen Ho (a/k/a Billy Ho) ("Ho"), an officer of Nominal Defendant BlackBerry Limited ("BlackBerry"), realized a "short-swing" profit from his purchase and sales of BlackBerry's common shares.  According to the complaint, Ho's trades earned him a recoverable profit of "approximately $8,882.30."  Dkt. ¶ 21.

    B.    **The Settlement**

      The Stipulation provides for dismissal of the case on the following material terms:

The Honorable John G. Koeltl
U.S. District Court, S.D.N.Y.
December 21, 2020
Page 2

- Ho has made a payment of $8,894.87 to BlackBerry (the "Settlement Payment").  The Stipulation recites that the Settlement Payment was made in two installments on December 8 and 9, 2020, and Plaintiff's counsel has been furnished with reasonable evidence of the payment.  The Settlement Payment represents a recovery of just over 100% of the alleged profit due.

- BlackBerry will allocate $2,223.00, or approximately 25% of the Settlement Payment, as attorney's fees for Plaintiff's undersigned counsel.  This is the customary award in Section 16(b) cases, and just a fraction of my firm's lodestar.  *See, e.g.*, *Donoghue v. Morgan Stanley High Yield Fund*, No. 10 Civ. 3131 (DLC), 2012 WL 6097654, at *2 (S.D.N.Y. Dec. 7, 2012) ("[C]ourts considering fees in cases involving short-swing profit recovery have held that attorneys are reasonably entitled to fees of 25% the total settlement." (citing cases)).  The award is inclusive of all costs and expenses, and neither Ho nor BlackBerry will be required to make any further payment.

- Ho will receive a full and unconditional release of all claims brought in the complaint arising under Section 16(b) of the Act.  BlackBerry will receive a similar release, including a release of any shareholder claims for attorney's fees.

- Plaintiff's counsel will apply to this Court for approval of the Stipulation and entry of the Proposed Judgment.  This letter is sent in performance of that obligation.

**C.    The Approval Process**

Section 16(b) grants a cause of action directly to a stockholder plaintiff.  15 U.S.C. § 78p(b).  Because the action is not derivative of the issuer's rights, this Court has held that a Section 16(b) settlement does not require court approval.  *See, e.g.*, *Chechele v. Elsztain*, No. 11 Civ. 3320 (SAS), 2012 U.S. Dist. LEXIS 191105, at *6 (S.D.N.Y. 2012).  The parties are seeking the Court's approval only to give their settlement preclusive effect.  In particular, the parties wish to shield Defendants from follow-on claims for attorney's fees by other stockholder counsel.

Given the very small size of the case and the complete recovery achieved, we do not believe due process warrants publishing notice to the entire shareholder base.  *See Buxbaum v. Deutsche Bank AG*, 216 F.R.D. 72, 80 (S.D.N.Y. 2003) (Koeltl, J.) ("The Court is given broad power over which procedures to use for providing notice so long as those procedures are consistent with the standards of reasonableness imposed by the due

The Honorable John G. Koeltl
U.S. District Court, S.D.N.Y.
December 21, 2020
Page 3

process clause."). Instead, we propose to notify the other shareholders from whom BlackBerry received demands for disgorgement of the alleged profit ultimately recovered in this action. BlackBerry received a total of four statutory demands. All four arrived within hours of one another on September 29, 2020, with the first received approximately one minute before Plaintiff's demand.

I propose to furnish these additional claimants with copies of this letter, including the enclosed Stipulation, by mail and e-mail. A certificate of service will be filed to confirm that notice has been sent. I propose that the other three claimants be given 30 days to register any objections to the Stipulation and Proposed Judgment. If no meritorious objections are received during that time, the Court should enter the Proposed Judgment as its final judgment.

**D.     Conclusion**

The Court should preliminarily approve the parties' settlement on the terms set forth in the Stipulation and, after directing notice to additional claimants as described herein, enter the Proposed Judgment as its final judgment.

I am available for a conference or otherwise to answer any questions the Court may have.

Respectfully submitted,

James A. Hunter

Enclosure

Copy with Enclosure by E-Mail:

Phil Kurtz, Esq., BlackBerry Limited, pkurtz@blackberry.com