**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE,<br>Plaintiff,<br>– v. –<br>SAI YUEN HO (a/k/a BILLY HO),<br>Defendant,<br>– and –<br>BLACKBERRY LIMITED,<br>Nominal Defendant. | ECF CASE<br><br>No. 20-cv-10036 (JGK) (KNF) |

**STIPULATION OF SETTLEMENT**
**DATED DECEMBER 21, 2020**

WHEREAS, Plaintiff Donna Ann Gabriele Chechele ("Plaintiff"), a shareholder of Nominal Defendant BlackBerry Limited ("BlackBerry"), brought the action captioned above (the "Action") under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), to recover "short-swing" profit allegedly realized by Defendant Sai Yuen Ho (a/k/a Billy Ho) ("Ho" and, collectively with Plaintiff and BlackBerry, the "Parties") from his purchase and sales of BlackBerry's common shares;

WHEREAS Ho denies any liability whatsoever and this Stipulation of Settlement (this "Stipulation") shall in no event be construed as or deemed to be evidence of or an admission or concession on the part of Ho or BlackBerry with respect to any claim, or any fault or liability or wrongdoing or damages of any nature whatsoever;

WHEREAS the Parties have concluded, after consulting with their respective counsel and in light of the risks and uncertainties of the outcome of this Action and any subsequent appeal

(and the costs of prosecuting and defending the same), that it is in their best interests to settle the Action on the terms set forth herein and to fully and finally compromise all claims asserted in the Action against Ho under Section 16(b) of the Act (the "Settlement"); and

WHEREAS, the Parties agree that the Settlement is fair, reasonable, adequate, and in the best interests of BlackBerry and its shareholders;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

1. Promptly following the execution of this Stipulation by all of the Parties, Plaintiff's counsel shall apply to the Court for preliminary approval of the Settlement. Counsel's application shall include a copy of this Stipulation and seek entry of an Order and Final Judgment substantially in the form annexed hereto as Exhibit A (the "Proposed Judgment"), which will:

(a) Dismiss the Action with prejudice;

(b) Find that Plaintiff vigorously prosecuted the claims set forth in the Complaint on behalf of BlackBerry;

(c) Find that the terms of the Settlement are fair, reasonable, adequate, and in the best interests of BlackBerry and its shareholders; and

(d) Fully and finally release, with prejudice, Ho, BlackBerry, and all other Ho Released Parties and BlackBerry Released Parties (in each case as defined below) from all claims asserted against Ho or BlackBerry in the Action and bar Plaintiff, Plaintiff's counsel, BlackBerry, and any holder of BlackBerry securities or their counsel from asserting any Ho Released Claim or BlackBerry Released Claim (in each case as defined below).

2. The Proposed Judgment shall become final on the later of the following dates (the "Final Judgment Date"): (a) the date the period for filing a notice of appeal of the Proposed Judgment expires; or (b) if a notice of appeal is filed, the date the appeal is dismissed or denied and the Proposed Judgment is no longer subject to appeal or other appellate review.

3. (a) The Parties acknowledge that Ho has paid to BlackBerry, by separate wire transfers of immediately available funds made on December 8 and 9, 2020, a cash sum equal in the aggregate to US$8,894.87 (the "Settlement Payment"). In recognition of the assistance of Plaintiff's counsel in securing the Settlement Payment, BlackBerry shall, within ten days of the Final Judgment Date, pay to Plaintiff's counsel an award of attorney's fees and expenses equal to US$2,223.00 (the "Attorney's Fee Award").

(b) The occurrence of the Final Judgment Date is a material condition precedent to the payment obligation of BlackBerry set forth in this paragraph 3.

(c) If the Final Judgment Date has not occurred by June 1, 2021, this Stipulation shall be null and void except as to this paragraph 3(c) and to paragraphs 6 and 15, and the Parties shall be returned to their positions *nunc pro tunc* as they existed on the date before the Settlement and without prejudice in any way.

4. In consideration of the Settlement Payment, BlackBerry and Plaintiff, acting on behalf of themselves, their affiliates, and any and all owners of any security of BlackBerry, each release and discharge Ho, his present and future employees, agents, attorneys, representatives, advisors, affiliates, associates, heirs, executors, administrators, successors, and assigns (collectively, the "Ho Released Parties") from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or not accrued,

liquidated or unliquidated, or otherwise, arising out of or relating to the subject matter of the Complaint under Section 16(b) of the Act (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by BlackBerry, or (iii) by any and all owners of any security of BlackBerry, whether individually, directly, representatively, derivatively, or in any other capacity (collectively, the "Ho Released Claims").

5. In consideration of the Settlement Payment and the Attorney's Fee Award, each of Plaintiff and her counsel, acting on behalf of themselves, their affiliates, and any and all owners of any security of BlackBerry, each release and discharge BlackBerry, its present and future directors, officers, employees, agents, attorneys, representatives, advisors, affiliates, associates, heirs, executors, administrators, successors, and assigns (collectively, the "BlackBerry Released Parties") from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or not accrued, liquidated or unliquidated, or otherwise, arising out of or relating to the subject matter of the Complaint under Section 16(b) of the Act (i) by Plaintiff; (ii) by Plaintiff's counsel (acting on her behalf or on behalf of any other person), or (iii) by any and all owners of any security of BlackBerry, whether individually, directly, representatively, derivatively, or in any other capacity (collectively, the "BlackBerry Released Claims"). Expressly included among (and not in limitation of) the BlackBerry Released Claims is any claim by any person for payment of attorney's fees in connection with Ho's alleged liability under Section 16(b) of the Act or BlackBerry's receipt of the Settlement Payment.

6. Irrespective of whether the Final Judgment Date occurs or the Settlement is consummated, the Parties agree that this Stipulation and all negotiations and papers related to it,

and any proceedings in connection with the Settlement, are not and shall not be construed to be evidence of, or an admission by, any of the Parties respecting the validity or invalidity of any of the claims or defenses asserted by the Parties or of the liability of any Ho Released Party or BlackBerry Released Party with respect to any such claim or defense or for any damages sought in the Action, or of any wrongdoing or lack of wrongdoing by any or all of them whatsoever, and shall not be offered for admission or received as evidence of any such liability or wrongdoing or damages, or lack thereof.

7. The Parties agree that the Attorney's Fee Award was negotiated between Plaintiff's counsel and BlackBerry's counsel at arm's length. Neither Ho nor BlackBerry will oppose the Attorney's Fee Award or seek to reduce the same, it being understood that the Settlement is in no way contingent upon any attorney's fees or expenses being awarded in any amount.

8. Plaintiff's counsel and Plaintiff agree and acknowledge that the Attorney's Fee Award is the sole amount to which Plaintiff or her counsel are due and is inclusive of all costs and expenses Plaintiff's counsel incurred in connection with the Action or this Stipulation. Plaintiff and her counsel expressly release and disclaim any right to receive any additional payment.

9. The Parties acknowledge and agree that Plaintiff has diligently prosecuted this Action against Ho within the meaning of Section 16(b) of the Act.

10. This Stipulation contains the entire agreement between the Parties concerning the subject matter hereof, and no Party is relying on any representation, promise, or assertion not contained herein.

11. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same agreement.

12. The individuals signing this Stipulation represent that they have the authority to execute this Stipulation, to grant the releases in this Stipulation, and to compromise and settle all their claims and their defenses relating to the Action.

13. This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.

14. The Parties shall use their best efforts to execute such documents and shall take such other reasonable action as is necessary to effectuate this Stipulation as provided for herein.

15. The Parties submit to the continuing jurisdiction of this Court (a) for all purposes relating to this Action, and (b) any disputes over this Stipulation and its enforcement.

Dated: December 21, 2020

Randall Cook

Randall Cook
Chief Legal Officer and Corporate Secretary
BLACKBERRY LIMITED
2200 University Ave East
Waterloo, Ontario N2K 0A7
Canada
Tel: (519) 888-7465
E-Mail: randall.cook@blackberry.com

*On behalf of Nominal Defendant BlackBerry Limited and Defendant Sai Yuen Ho (a/k/a Billy Ho)*

James A. Hunter
HUNTER & KMIEC
42 Stagecoach Road
Pipersville, Pennsylvania 18947
Tel: (484) 437-5935
Fax: (646) 462-3356
E-mail: hunter@hunterkmiec.com

*On behalf of Plaintiff Donna Ann Gabriele Chechele*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE,<br>Plaintiff,<br>– v. –<br>SAI YUEN HO (a/k/a BILLY HO),<br>Defendant,<br>– and –<br>BLACKBERRY LIMITED,<br>Nominal Defendant. | ECF CASE<br><br>No. 20-cv-10036 (JGK) (KNF)<br><br>**ORDER AND FINAL JUDGMENT** |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this action and, in respect of such subject matter, over the Plaintiff, over BlackBerry Limited ("BlackBerry"), and over Sai Yuen Ho (a/k/a Billy Ho) ("Ho").

2. The Court finds that Plaintiff, through her counsel, has diligently prosecuted the claims set forth in the Complaint on behalf of BlackBerry.

3. The parties' Stipulation of Settlement dated December 21, 2020 (a copy of which is annexed hereto as Exhibit 1) (the "Stipulation") is hereby approved as fair, reasonable and adequate and in the best interests of BlackBerry and its shareholders. The parties are directed to consummate their settlement in accordance with the terms and provisions of the Stipulation.

4. This Order and Final Judgment shall not constitute evidence of or an admission by Ho, BlackBerry, or any other person regarding any liability under Section 16(b) of the

Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), or regarding any violation of law or other wrongdoing. Neither Ho nor BlackBerry admits, either expressly or implicitly, any liability whatsoever by reason of any of the matters alleged in the Complaint or referenced in the Stipulation.

5. The Complaint, including each claim for relief therein against Ho and all claims for violations of Section 16(b) of the Act asserted in this Action, and any claim for attorney's fees arising out of the matters alleged in the Complaint or Ho's alleged liability under Section 16(b) of the Act, are hereby dismissed on the merits, with prejudice and without costs, except as otherwise provided for herein.

6. Ho and every other Ho Released Party (as defined in the Stipulation) is hereby discharged and released from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or not accrued, liquidated or unliquidated, or otherwise, arising out of or relating to the subject matter of the Complaint under Section 16(b) of the Act: (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by BlackBerry, or (iii) by any and all owners of any security of BlackBerry, whether individually, directly, representatively, derivatively, or in any other capacity.

7. Plaintiff, counsel for Plaintiff, BlackBerry, and all owners of any security of BlackBerry and their counsel, or any of them, either individually, directly, derivatively, representatively, or in any other capacity, are permanently barred and enjoined from instituting or prosecuting this Action or any other action, in this or any other court or tribunal of this or any other jurisdiction, arising out of or relating to the subject matter of the Complaint under Section 16(b) of the Act: (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by

BlackBerry, or (iii) by any and all owners of any security of BlackBerry, whether individually, directly, representatively, derivatively, or in any other capacity.

8. Plaintiff's counsel are hereby awarded an attorney's fee (inclusive of all costs and expenses incurred by Plaintiff's counsel in connection with the Action) in the sum of US$2,223.00, which sum the Court finds to be fair and reasonable and which shall be paid to Plaintiff's counsel by BlackBerry in accordance with the Stipulation. No other person shall commence any action for attorney's fees in connection with Ho's alleged liability under Section 16(b) of the Act or the matters alleged in the Complaint, all of which actions are hereby barred and enjoined.

9. Jurisdiction is hereby reserved over all matters relating to the enforcement, administration and performance of the Stipulation.

10. The Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

Dated: December ____, 2020
New York, New York

______________________________
**The Honorable John G. Koeltl**
**United States District Judge**