EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE, <br><br> Plaintiff, <br><br> – v. – <br><br> SAI YUEN HO (a/k/a BILLY HO), <br><br> Defendant, <br><br> – and – <br><br> BLACKBERRY LIMITED, <br><br> Nominal Defendant. | ECF CASE <br><br> No. 20-cv-10036 (JGK) (KNF) <br><br><br> **ORDER AND** <br> **FINAL JUDGMENT** |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this action and, in respect of such subject matter, over the Plaintiff, over BlackBerry Limited ("BlackBerry"), and over Sai Yuen Ho (a/k/a Billy Ho) ("Ho").

2. The Court finds that Plaintiff, through her counsel, has diligently prosecuted the claims set forth in the Complaint on behalf of BlackBerry.

3. The parties' Stipulation of Settlement dated December 21, 2020 (a copy of which is annexed hereto as Exhibit 1) (the "Stipulation") is hereby approved as fair, reasonable and adequate and in the best interests of BlackBerry and its shareholders. The parties are directed to consummate their settlement in accordance with the terms and provisions of the Stipulation.

4. This Order and Final Judgment shall not constitute evidence of or an admission by Ho, BlackBerry, or any other person regarding any liability under Section 16(b) of the

Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), or regarding any violation of law or other wrongdoing. Neither Ho nor BlackBerry admits, either expressly or implicitly, any liability whatsoever by reason of any of the matters alleged in the Complaint or referenced in the Stipulation.

5. The Complaint, including each claim for relief therein against Ho and all claims for violations of Section 16(b) of the Act asserted in this Action, and any claim for attorney's fees arising out of the matters alleged in the Complaint or Ho's alleged liability under Section 16(b) of the Act, are hereby dismissed on the merits, with prejudice and without costs, except as otherwise provided for herein.

6. Ho and every other Ho Released Party (as defined in the Stipulation) is hereby discharged and released from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or not accrued, liquidated or unliquidated, or otherwise, arising out of or relating to the subject matter of the Complaint under Section 16(b) of the Act: (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by BlackBerry, or (iii) by any and all owners of any security of BlackBerry, whether individually, directly, representatively, derivatively, or in any other capacity.

7. Plaintiff, counsel for Plaintiff, BlackBerry, and all owners of any security of BlackBerry and their counsel, or any of them, either individually, directly, derivatively, representatively, or in any other capacity, are permanently barred and enjoined from instituting or prosecuting this Action or any other action, in this or any other court or tribunal of this or any other jurisdiction, arising out of or relating to the subject matter of the Complaint under Section 16(b) of the Act: (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by

BlackBerry, or (iii) by any and all owners of any security of BlackBerry, whether individually, directly, representatively, derivatively, or in any other capacity.

8. Plaintiff's counsel are hereby awarded an attorney's fee (inclusive of all costs and expenses incurred by Plaintiff's counsel in connection with the Action) in the sum of US$2,223.00, which sum the Court finds to be fair and reasonable and which shall be paid to Plaintiff's counsel by BlackBerry in accordance with the Stipulation. No other person shall commence any action for attorney's fees in connection with Ho's alleged liability under Section 16(b) of the Act or the matters alleged in the Complaint, all of which actions are hereby barred and enjoined.

9. Jurisdiction is hereby reserved over all matters relating to the enforcement, administration and performance of the Stipulation.

10. The Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

Dated: ~~December~~ January 28, 2020
New York, New York

_____
The Honorable John G. Koeltl
United States District Judge

The Clerk is directed to close this case.
So ordered.
1/28/21
/s/ John G. Koeltl
U.S.D.J.

-3-